**PINE et al. v. STATE INDUSTRIAL COMMISSION et al.**

No. 15064—Opinion Filed April 7, 1925.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—Jurisdiction—Employer of Only Two Workmen.**

Under section 1, art. 2, chap. 246, Sess. Laws 1915 (sec. 7285, Comp. St. 1921), the provisions of the Workmen's Compensation Act did not apply to any employer, except where he employed more than two workmen; said provision being in force on January 25, 1920, compensation for injuries sustained on said date cannot be awarded under the Workmen's Compensation Act where only two workmen were employed.

The fact as to whether more than two workmen were employed during the period in which the provisions of said section 1, art. 2, chap. 246, Sess. Laws 1915, were in force is a jurisdictional fact, which may be raised at any time, even raised for the first time on appeal.

2. **Same.**

Where, in fact, only two workmen were employed during the period in which said statutes were in force, the State Industrial Commission had no jurisdiction over the matter of compensation for injuries sustained during such period and was without power to make or enforce an award for compensation.

3. **Same—Appeal from Awards—Scope of Review—Sufficiency of Evidence.**

Where there is no evidence to support a material fact in issue before the State Industrial Commission, it then becomes a question of law, which, being properly presented, will be determined by this court.

In all cases appealed from the commission this court will review the record to the extent of ascertaining whether, under the Compensation Act, a legal liability is shown.

Where there is no evidence tending to establish the fact that more than two workmen were employed at the time of an injury, and where there is positive undenied testimony that only two workmen were employed, it then becomes a question of law whether liability is shown, and in such case it will be held as a matter of law that the commission has no jurisdiction.

4. **Appeal and Error—Scope of Review—Decision on Question of Jurisdiction Rendering Other Issues Immaterial.**

Where, on appeal, an issue is presented which involves a jurisdictional fact, a determination of which effectually disposes of the entire case, under well-settled principles of law, it is then unnecessary to decide the constitutionality of other provisions of statute not involved in such decisive issue nor material to a determination of same.

Appeal from State Industrial Commission.

Action by R. D. Pine and another to review award of workmen's compensation to W. M. Michaels. On rehearing, reversed, with directions. Former opinion (107 Okla. 40, 229 Pac. 784) withdrawn.

Hiatt & Hannigan and Twyford & Smith, for petitioners.

Geo. F. Short, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., and Beckett & Lewis, for respondents.

HARRISON, J. In this proceeding the court is asked to reverse and set aside an award made December 13, 1923, by the State Industrial Commission, in favor of one W. M. Michaels, against petitioners. The petitioners, Pine and Buzzard, jointly owned a caterpillar tractor, and as partners had same operated for hauling purposes. Only one man was employed to operate it, except when heavy hauling was to be done an additional man was employed as helper.

In January, 1920, said Michaels, then being employed as helper, sustained an injury to his left foot. He filed a claim with the Industrial Commission, and on October 11, 1920, was awarded compensation for his injuries in the sum of $1,947, $12.98 per week for 150 weeks.

The number of the claim in question was 18625, and on May 12, 1921, Michaels filed a receipt with the commission certifying that petitioners had settled the award in full to date, and in June, 1921, filed another receipt acknowledging receipt of all moneys awarded by the commission on said claim. Later, he filed a final report showing his improved condition, and that the award had been paid, and asking that the cause be closed, and thereupon the commission closed the case.

Thereafter, on May 25, 1923, claimant filed a motion for rehearing in the case, in which motion he claims that he had not received from Pine and Buzzard the compensation awarded him by the commission; also alleged that Pine and Buzzard had refused to pay him the amount due on his award, and denied that he had signed the receipt in full of amount awarded to him and prayed that the case be reopened.

The case was reopened, and in September, 1923, a hearing was had on the motion, and testimony taken as to the condition of his foot and as to whether he had been paid the full amount awarded to him in the previous order, and as to whether he had

signed the receipts heretofore mentioned. Upon the testimony taken at this hearing the commission made the order of December 13, 1923, from which his appeal is taken, and which contains the following findings, to wit:

"(1) That an order was made and entered into in this cause awarding the claimant compensation at the rate of $12.98 per week for a period of 150 weeks from January 25, 1920;

"(2) That under said award the respondent herein has paid to said claimant compensation at the rate of $12.98 per week from January 25, 1920, to May 10, 1921, a period of 67 weeks and one day, amounting to $871.92;

"(3) That there remains due the claimant herein under the aforementioned award 82 weeks and five days' compensation, at the rate of $12.98 per week, amounting to $1,075.18."

Upon which finding Pine and Buzzard were ordered to pay the sum of $1,075.18, within ten days from the date of the order, as the balance due on award made in October, 1920. Pine and Buzzard appeal and petition this court to reverse such order.

The first ground for reversal is:

That petitioner employed only two men to operate said tractor, and that at the time claimant received his injuries the provisions of the Workmen's Compensation Act did not apply, except where more than two workmen were employed, and that therefore the State Industrial Commission was without jurisdiction to make the award.

Section 1, art. 2, chap. 246, Sess. Laws 1915 (sec. 7285, Comp. St. 1921), was in force at the time the injuries in question were sustained, and contains the following provision, viz.:

"Provided that the provisions of this act shall not apply to any employer unless he shall employ more than two workmen."

There is no ambiguity in the foregoing provision. If, in fact, Pine and Buzzard employed only two men, then the provisions of the act did not apply to them and the State Industrial Commission was without authority to make the award; hence, it depends upon the evidence as to whether or not more than two men were employed. The commission made no finding as to this fact nor as to any other fact, except those above quoted. The record, of the hearing had in September, 1923, contains the following, to wit: "Respondent objects to the hearing." The record does not show at this point, what action was taken on the objec-

tion, but shows that the commission proceeded to take the testimony of R. D. Pine, one of the petitioners. Later on in the proceedings, however, the record contains the following:

By Mr. Hanningan: Comes now Pine & Buzzard and requests the commission to make a finding of fact as to the number of employes employed by the partnership of Pine & Buzzard on January 25, 1920, and at all times prior thereto during the existence of the partnership.

"By the Court: The commission is of the opinion that it does not matter whether there were two or five or less, as this is a matter of defense and could not be raised at this time and it is unnecessary to find the number of employes, as that is a defense which should have been raised October 11, 1920.

"By Mr. Hannigan: Comes now the partnership of Pine & Buzzard and moves the commission to dismiss this cause of action for the reason that the commission has no jurisdiction over the subject-matter of this action, for the reason that the partnership of Pine & Buzzard on January 25, 1920, and at all times prior thereto was not employing more than two men. We therefore ask that the commission dismiss this cause of action for lack of jurisdiction over the subject-matter.

"By the Court: Motion overruled.

"By Mr. Hannigan: To which the partnership of Pine & Buzzard except and give notice in open court of their intention to appeal to the Supreme Court."

It is seen from the second paragraph, in the above finding that the commission considered the question of the number of employes to be a mere matter of defense, which, not having been raised at the former hearing, could not be raised at this hearing and therefore it was unnecessary to make a finding as to the number of employes at this hearing. Conceding that it is a matter of defense, yet, as it goes to the jurisdiction of the commission, to the authority of the commission to apply the provisions of the Workmen's Compensation Act, it can be raised at any time—even raised for the first time on appeal. Maer Mfg. Co. v. Cox, 21 Okla. 846, 97 Pac. 649, citing Beach v. Beach, 4 Okla. 359, 46 Pac. 514, and Rhyne v. Manchester Assurance Co., 14 Okla. 555, 78 Pac. 558; Howard et al. v. Arkansas, 59 Okla. 206, 158 Pac. 437; Model Clo. Co. v. First Nat. Bank, 61 Okla. 88, 160 Pac. 450; Apache State Bank v. Voight, 61 Okla. 253, 161 Pac. 214; Keenan v. Chastain, 64 Okla. 16, 164 Pac. 1145.

The law in force at the time of this injury said emphatically "That the provisions

of this act **shall not apply** to any employer, unless he shall employ more than two workmen." This law took away the power of the commission to apply the provisions of this act, deprived it of jurisdiction to make an award, except where **more than** two workmen were employed, therefore the validity of the order appealed from depends on the fact whether more than two workmen were employed.

As the petitioners requested a finding as to such fact and the commission refused to make such finding, the question being presented here, we must be controlled by the record in determining whether there were more than two workmen employed. The two petitioners, R. D. Pine and G. N. Buzzard, both testified, positively, that only two workmen were employed. The truth of their testimony was not challenged. No attempt was made to refuse nor rebut their testimony. Their testimony is all the evidence which the record contains on this question. There is a silent absence of any evidence to the contrary. Where there is no evidence to support an essential fact, it then becomes a question of law which, being properly presented, should be determined by this court. Producers Lbr. Co. v. Butler, 87 Okla. 172, 209 Pac. 738; Integrity Mutual Co. v. Garrett 100 Okla. 185, 229 Pac. 282; Cameron Coal Co. v. Collopy, 102 Okla. 207, 228 Pac. 1100.

While it is well settled that this court will review only questions of law in appeals from the State Industrial Commission, yet in all cases the entire record will be reviewed to the extent of ascertaining whether, under the Workmen's Compensation Act, a legal liability is shown. Under these authorities, as well as upon the legal soundness of the rule, and in view of the law in force at the time of the injury, there being a total absence of any evidence in support of the fact in question, and in view of the positive undenied testimony that only two workmen were employed, we must conclude that the State Industrial Commission was without jurisdiction in the premises and without power to enforce the order in question.

Other questions of law are presented, but inasmuch as the conclusions on this question completely dispose of the case and preclude the commission from the exercise of further jurisdiction in the matter, it is unnecessary to pass on the other assignments.

We also deem it unnecessary to pass upon the constitutionality of the provision, in section 7285, Comp. Stat. 1921, that a finding of facts by the commission shall be conclusive, as a determination of the decisive issues presented here effectually and properly disposes of the entire case by well-settled principles of law, and as the question of conclusiveness of the finding of facts by the commission is not materially involved here, there being no issue of fact on the decisive question involved, we deem it unnecessary to discuss the constitutionality of said provision.

For the reasons given, the former opinion, rendered October 7, 1924, 107 Okla. 40, 229 Pac. 784, is withdrawn, and the order of the commission made December 13, 1923, is reversed, with directions to set aside the award therein made.

Reversed, with directions.

All the Justices concur.

Note.—See C. J.-Cyc.-Workmen's Compensation Acts; Under (1, 2) p. 45 § 36; (3) p. 123 § 127. (4) 4 C. J. p. 652 § 2541.