## DEATHERAGE & RENFRO et al. v. STOREY et al.

No. 22601. Opinion Filed May 10, 1932.

Rehearing Denied July 27, 1932.

Clayton B. Pierce, A. J. Follens, and Truman B. Rucker, for petitioners.

O. H. Searcy and J. B. Underwood, for respondents.

KORNEGAY, J. This is an original action to review an award of the Industrial Commission, which is as follows:

"Now, on this 22nd day of June, 1931, the State Industrial Commission, being regularly in session, this cause comes on to be considered pursuant to having been duly set for hearing on the Tulsa, Okla., docket of June 19, 1931, before Commissioner Mat McElroy, to determine liability and extent of disability, at which hearing claimant appeared by his attorneys, Searcy & Underwood, and respondent and insurance carrier were represented by T. B. Rucker, at which time it was stipulated and agreed by and between said attorneys that the testimony taken in the case of H. A. Storey v. Chas. B. Eckes et al., being Case No. A-51827, shall be used by the Commission in rendering a decision herein.

"Having reviewed the testimony taken in said case No. A-51827 and all records on file in said case, as well as case No. A-62930, and being otherwise well and sufficiently advised in the premises, the Commission finds:

"1. That the claimant herein, on and prior to August 21, 1930, was in the employment of A. L. Deatherage and R. J. Renfro, doing business as Deatherage & Renfro, a partnership concern in which both respondents worked, and that claimant was engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law.

"2. Arising out of and in the course of his said employment, claimant, on August 21, 1930, sustained an accidental personal injury in the nature of a sprain to his back, as a result of which he was temporarily totally disabled from the date of said injury to April 1, 1931;

"3. That the average wage of claimant at the time of said injury was $40 a week.

"The Commission is of the opinion, on consideration of the foregoing facts, that claimant is entitled to compensation at the rate of $18 per week, computed from August 21, 1930, less the statutory 5-day waiting period, to April 1, 1931, for the temporary total disability above described.

"It is therefore ordered: That within 15 days from this date, respondent, or its insurance carrier herein, pay to the claimant, H. A. Storey, the sum of $561, being compensation at the rate of $18 per week computed from August 26, 1930, to April 1, 1931, for the temporary total disability hereinbefore mentioned.

"It is further ordered: That within 30 days from this date, respondent or insurance carrier herein file with the Commission proper receipt or other report evidencing compliance with the terms of this order."

We have reviewed the evidence in this case. The evidence as to the party sustaining an accidental injury, that resulted in his disability in this case, is rather weak. It appears that he was suffering from pyelitis, ordinarily known as kidney trouble. It is defined in Dorland's Medical Dictionary, as follows:

"Inflammation of the pelvis of the kidney. It may be due to renal calculus, to extension of inflammation from the bladder, or to stagnation of the urine. It is attended by pain and tenderness in the loins, irritability of the bladder, remittent fever, bloody or purulent urine, diarrhea, vomiting, and a peculiar pain on flexion of the thigh."

It appears from the evidence that sometime in February, while working for another company than the Deatherage & Renfro partnership, he did receive a strain of some kind in the pelvic region, and after that, on May 19th, he received another injury while working for the Chas. R. Eckes Motor Company, and from that he was laid up in bed about ten days, and that he used hot applications and a liniment to rub on his back and took some kidney pills, and his brother came and took his place there, and sometime in July he undertook to work again, and he told Mr. Eckes, the proprietor, that he could not do the work he had been doing. Evidently this testimony was given in the case in which he was seeking compensation from Eckes.

As applied to the present case, he states that he went to work in August for Deatherage & Renfro, about the 3rd, and up to that time his back was pretty bad, and he worked for Deatherage & Renfro from August 3rd to the 21st, and he did just mechanical work, not heavy, as they knew of his condition, and they gave him light work, and that on the 21st he was lifting the wheel of a Dodge sedan, putting it on, trying to slide it on to the shaft, and "the same thing happened, and it went on the same as on the previous occasion. Mr. Deatherage helped me up and took me home." He went to Dr. Lewis then and was treated for his back, and it was about the same as it had been, and he went to work again about the 1st of April at the Rankin Service, and his back was still bothering him.

It is conceded, however, in the brief, that there may be some slight evidence showing an accidental injury while in the employ of Deatherage & Renfro, but earnest insistence is made that when he was working for Deatherage & Renfro he was not under the protection and requirements of the Workmen's Compensation Law, because the parties had only one employee, which was the claimant. We think that the evidence shows that conclusively in this case, though there is some dispute between the attorneys as to the effect of the evidence.

The evidence shows that Deatherage & Renfro were a partnership, engaged in the repairing of automobiles, and that during the 20 days that the claimant was in their employ they had no other employee, and neither of them drew wages from the partnership funds, and relied upon paying the expenses first, including the pay of the claimant here.

The testimony of Mr. Deatherage upon the point appears to be uncontradicted. The only qualification of not hiring more than one man was that "if we got in a lot of work, we put on enough men to take care of it," but for the three weeks that the claimant was in their employ, he was the only employee they had, though they were carrying insurance to cover accidents, and the witness was sure that if they had as many as two employees at one time, that the insurance company would pay it when they were hurt. On cross-examination, in reponse to the question of the court, he testified as follows:

"Q. You testified you and Mr. Renfro run this business as partners? A. Yes, sir. Q. How did you receive your pay? A. Well, we don't receive much pay. We paid our bills and have what is left. Q. Then you divide what is left, after you pay the bills? A. Yes, sir."

The court again interrogated him as follows:

"Q. You testified that you employed from one to three men? A. I would not say that we ever had three men at one time, I don't believe. Q. Did you have from one to two men? A. Yes, sir. By the Court: That's all."

On redirect examination, he says:

"Q. For several months prior to this in-

jury, did you have only one man there? Mr. Underwood: We object to that as incompetent, irrelevant and immaterial. By the Court: Overruled. A. I would not say 'months,' I don't believe there was any other man worked while Mr. Storey worked there, but there had been one,—two other fellows that worked just before he went to work."

And at page 72, the following:

"By Mr. Underwood: Q. You mean there was no regular employee there at the time that Mr. Storey worked there? A. Yes."

The question depends upon the wording of the statute, and the statute applicable is an amendment of section 7285, C. O. S. 1921, made by chapter 61, Session Laws 1923, p. 121, sec. 3, as follows:

"Section 7285. Every employer subject to the provisions of this act shall pay, or provide as required by this act, compensation according to the schedules of this article for the disability of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment, without regard to fault as a cause of such injury, except where the injury is occasioned by the willful intention of the injured employee to bring about injury to himself or of another, or where the injury results directly from the willful failure of the injured employee to use a guard or protection against accident furnished for his use pursuant to any statute or by order of the State Labor Commissioner, or results directly from the intoxication of the injured employee while on duty; provided, that the provisions of this act shall not apply to any employer if he shall employ less than two workmen; and provided, further, that the liability of any person, firm or corporation having an interest in the subject-matter, employers and contracting employers, general or intermediate, for compensation under this act, when other than the immediate employer of the injured employee, shall be as follows."

The term "employee" is defined as follows:

"4. 'Employee' means any person engaged in manual or mechanical work, or labor in the employment of any person. firm or corporation carrying on a business covered by the terms of this act, and shall include workmen associating themselves together under an agreement for performance of a particular piece of work. in which event such persons so associating themselves together shall be deemed employees of the person having the work executed; provided, that if such associated workmen shall employ two or more laborers or workmen in the execution of such contract, then as to such employed workmen or laborers, both the associated employees and the principal employer shall at once become subject to the provisions of this act relating to independent contractors."

The term "employer" is defined by the act at page 119, as follows:

"3. 'Employer,' except when otherwise expressly stated, means a person, partnership, association, corporation, and the legal representatives of a deceased employer, or the receiver or trustee of a person, partnership, association or corporation employing workmen in hazardous employment, and shall include the state, county, city, or any municipality when engaged in any hazardous work within the meaning of this act in which workmen are employed for wages; provided, however, that so long as by state law, city charter, or municipal ordinances, provisions equal to or better than that given under the terms of this act, made for such employees injured in the course of employment, such employees shall not be entitled to the benefits of this act."

We think these statutes are plain. Several decisions have been cited, which we have reviewed, but we do not think any of them would justify the finding in this case that the partnership of Deatherage & Renfro had in its employ more than one laborer during the time that the claimant was there, and we do not think, though they may have taken out compensation insurance for the purpose of taking care of the extra gang they might have, that that would bring the present claimant under the provisions of the Workmen's Compensation Law. The case of Dixon Casing Crew v. State Industrial Commission, 108 Okla. 211, 235 P. 605, decided in 1925, reversing the Industrial Commission, points out the purpose of the Legislature to clarify the situation by the statutory changes.

We do not think that it was the intention of the Legislature to put upon men engaged in business like this present partnership, the burden of assuming the risk of an accidental injury to a sole employee, or to require men so engaged to go to the expense of insuring against an accident to a single employee, in view of the old doctrine of nonliability of the master for injury occasioned by the negligence of a fellow servant, as modified by the Constitution, and as later regulated in the Workmen's Compensation Law.

So finding, the award in this case should be vacated upon the ground that, on the admitted facts, the law does not impose the liability that has been put upon the petitioners and their insurance carrier.

The award of the Industrial Commission is accordingly vacated, with directions to dismiss the claim.

RILEY, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. LESTER, C. J., CLARK, V. C. J., and HEFNER, J., absent.