# SOUTH OKLAHOMA TOWN CO. v. ACREE et al.

No. 24454.   Oct. 31, 1933.

V. E. McInnis and Tom W. Garrett, for petitioner.

Walter & Hilprit and W. M. Caudill, for respondents.

ANDREWS, J. This is an original proceeding in this court instituted by the respondent before the State Industrial Commission to procure a review of an award in favor of the claimant therein. The parties herein will be referred to as petitioner and claimant.

Section 13351, O. S. 1931, provides:

"The provisions of this act shall not apply to any employer if he shall employ less than two workmen."

Unless two workmen were employed, the injury was not within the provisions of the act and the State Industrial Commission was without jurisdiction to make an award. Pine v. State Industrial Commission, 108 Okla. 185, 235 P. 617; Rorabaugh-Brown Dry Goods Co. v. Mathews, 162 Okla. 283, 20 P. (2d) 141; Tulsa Terminal Storage & Transfer Co. v. Thomas, 162 Okla. 5, 18 P. (2d) 891; Great Atlantic & Pacific Tea

Co. v. McHan, 162 Okla. 8, 18 P. (2d) 875; Spivey & McGill v. Nixon, 163 Okla. 278, 21 P. (2d) 1049.

The petitioner contends that the claimant was the only workman employed by it at the time of the injury. The record sustains that contention. There is no competent evidence reasonably tending to show the contrary. While the petitioner had employed a superintendent and a clerk, those men were employed in a different department. Southwestern Grocery Co. v. State Industrial Commission, 85 Okla. 248, 205 P. 929.

The fact that the petitioner had other workmen employed at other times does not bring the claimant within the provisions of the act. Deatherage & Renfro v. Storey, 158 Okla. 285, 13 P. (2d) 124; Southwestern Grocery Co. v. State Industrial Commission, supra.

The award of the State Industrial Commission is vacated.

RILEY, C. J., and SWINDALL, McNEILL, and OSBORN, JJ., concur. CULLISON, V. C. J., and BAYLESS, BUSBY, and WELCH, JJ., absent.