## ROY DEATON CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 26573.    Dec. 22, 1936.

Hunt & Eagleton and Jno. D. Rogers, for petitioner.

McPherren & Maurer, Tench Tilghman, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Roy Deaton Company, as petitioner, to obtain a review of an award made by the State Industrial Commission in favor of the respondent Melvin L. Houck. In this opinion the parties will be referred to as petitioner and respondent.

It is conceded that one J. M. Powell was an independent contractor of the petitioner, and as such undertook to make certain repairs on a store building in the city of Tulsa, and that the said J. M. Powell employed the respondent to perform certain manual and mechanical work on said building, and that on March 13, 1935, while the said contractor and the respondent were the sole workers on the job, the respondent fell from a scaffold and was injured. The record shows that prior to the date of respondent's injury the contractor had also employed on said work, either as a subcontractor or as an employee, one Wm. M. Long and his helper, and that their employment had terminated several days prior to respondent's accidental injury. The contractor, J. M. Powell, had no compensation insurance. The respondent sought compensation from both the contractor and the petitioner. The commission found that the independent contractor was primarily liable and awarded respondent compensation for temporary total disability. holding the contractor primarily liable and the petitioner secondarily liable therefor.

Petitioner as grounds for the vacation of said award contends: First, that the commission was without jurisdiction to make any award for the reason that the respondent was the sole employee of the contractor at the time of his injury; and, second, that there is no proof reasonably supporting the finding of the commission that the petitioner was the contracting employer. We deem it necessary to discuss only the first contention.

Under section 13351, O. S. 1931, the provisions of the Workmen's Compensation Law are not applicable when less than two workmen are employed. The fact as to whether the required number of workmen are employed is a jurisdictional fact, which may be raised at any time. South Oklahoma Town Co. v. Acree, 166 Okla. 110, 26

P. (2d) 404; Pine v. State Industrial Commission, 108 Okla. 185, 235 P. 617.

As we have said in McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. (2d) 32:

"This court in reviewing an award of the State Industrial Commission will not accept as conclusive the findings of fact of the State Industrial Commission concerning a jurisdictional question, but on review will weigh the evidence relating thereto and make its own independent findings of fact with relation thereto."

Applying the rule to the record before us, we find that the respondent was the sole employee of the contractor, Powell, at the time the accident occurred. While W. M. Long and his helper had been previously engaged and employed on the job, that their employment had terminated several days prior to the respondent's accidental injury. The fact that these parties had been in the prior employment of the contractor was not sufficient to bring the respondent within the provisions of the Workmen's Compensation Act. See Deatherage & Renfro v. Storey, 158 Okla. 285, 13 P. (2d) 124. The contractor and respondent were the sole workmen on the job at the time of the accident and injury, and the respondent was the sole employee of the contractor at the time. Under these circumstances the commission was without jurisdiction to make any award and should have dismissed respondent's claim for this reason. It is unnecessary to discuss the other contentions of the petitioner.

Award vacated, with directions to dismiss the claim.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, PHELPS, CORN, and GIBSON, JJ., concur.