## STILWELL et al. v. PATTERSON et al.

No. 28631. April 18, 1939.

Gibson & Savage and Sam Glassman, for petitioners.

Judd L. Black, for respondents.

RILEY, J. L. L. Patterson, hereinafter called claimant, was injured January 31, 1938, while working as a truck swamper in the employment of M. V. Stilwell, hereinafter called petitioner. The Traders and General Insurance Company, hereinafter called insurer, had written a standard workmen's compensation insurance policy covering the work being performed by claimant.

On February 15, 1938, petitioner filed with the State Industrial Commission "Employer's First Notice of Injury", wherein it was stated claimant was engaged in oil field hauling, and that he was caught between a truck and a substructure while loading the latter.

Petitioner paid claimant compensation for temporary total disability until March 20, 1938. On April 6, 1938, petitioner filed with

the commission a statement that compensation payments had been discontinued because claimant had been "* * * discharged from further treatment and as able to return to work. * * *"

April 29, 1938, the Industrial Commission entered an order wherein it was found claimant was injured while in the employment of petitioner and engaged in a hazardous occupation within the provisions of the Workmen's Compensation Law, and that claimant was temporarily totally disabled until April 30, 1938.

On May 18, 1938, the commission entered a corrected order, finding as a fact that insurer had accepted premium on claimant's wages and issued its policy covering his employment, and finding as a matter of law that insurer was estopped from pleading claimant was not employed within the purview of the Workmen's Compensation Act.

Section 13374, O. S. 1931, requires employers within the Workmen's Compensation Law to secure compensation insurance with (a) a stock corporation, mutual association, or by exchanging contracts of indemnity or inter-insurance, (b) by guaranty insurance, (c) an agreement with employees in lieu of compensation, or (d) to prove his own financial ability to pay the compensation. The section then imposes a penalty on the employer for failure to comply with the section and provides for remission of said penalty under certain conditions.

The title of House Bill No. 72 (ch. 72, art. 1) S. L. 1936-37, reads:

"An Act amending section 13374, Oklahoma Statutes, 1931, relating to employer's insurance, the acceptance of the premiums, and providing that such acceptance shall estop the insurance carrier from pleading that the workmen were not employed within the purview of the Workmen's Compensation Act."

The only change in section 13374, supra, made by H. B. No. 72 is a proviso added at the end of said section, as follows:

"Provided, that whenever an insurance carrier accepts the premium for an insurance policy covering compensation insurance for employed workmen and an injury is thereafter sustained by any workmen covered by such policy and while such policy is in force and effect, said insurance carrier shall be estopped from pleading that the workman was not employed within the purview of the Workmen's Compensation Act."

It was stipulated at the hearing before the commission that petitioner was "engaged in the business of a motor carrier operating under a Class B permit from the Corporation Commission * * *" at the time of the injury to claimant.

Motor carriers operating under a Class B permit are not within the industries and business enterprises covered by the Workmen's Compensation Law. Gypsy Oil Co. v. Keys, 147 Okla. 148, 295 P. 612; Barr v. Burrus et al., 156 Okla. 137, 9 P.2d 924; Holland v. Byers, 167 Okla. 1, 27 P.2d 591.

Petitioner contends that H. B. 72, supra, specifically amending section 13374, is invalid because it seeks to extend and enlarge the jurisdiction of the Industrial Commission over an employment not enumerated in section 13349, O. S. 1931.

A question of jurisdiction under the circumstances reflected by this record may be raised for the first time on appeal. Pine v. St. Indus. Comm., 108 Okla. 185, 235 P. 617; South Okla. Town Co. v. Acree, 166 Okla. 110, 26 P.2d 404.

Whether or not the employment was hazardous is a jurisdictional question which must be inquired into by the Industrial Commission, and upon review of an award this court will not accept as conclusive the findings concerning a jurisdictional question, but will make its own independent findings of fact with relation thereto. McKeever Drilling Co. v. Egbert, 170 Okla. 259, 4 P.2d 32; Roy Deaton Co. v. St. Indus. Comm., 178 Okla. 536, 63 P.2d 742.

The amendatory act, by specific mention of section 13374, limited the scope to the subject matter of the amended section.

In the case of Pottawatomie County v. Alexander, 68 Okla. 126, 172 P. 436, it was stated in the first paragraph of the syllabus:

"An act to amend a particular section of a general law is limited in its scope to the subject matter of the section proposed to be amended. Such amendment ex vi termini implies merely a change of its provisions upon the same subject to which the original section relates."

In the body of the opinion it was stated:

"Had the amended act been entitled generally as an act to amend chapter 152, any amendment germane and pertinent might have been made; but, being specifically limited to the section designated, the interpolation by proviso of a new subject dealt with in another section of the old act was not permissible. Any further changes than those designated in the title were precluded by the specific enumeration of those named."

Sec, also, Riverland Oil Co. v. Williams, 176 Okla. 448, 56 P.2d 1167; Watchorn Oil Co. v. Pendergrass, 177 Okla. 21, 56 P.2d 1170.

The effect of H. B. 72, supra, is to expand the jurisdiction of the Industrial Commission to every occupation on which an insurance carrier will issue a policy irrespective of its classification as hazardous or nonhazardous by section 13349, O. S. 1931. The issuance of the policy and the collection of premiums on the employee's wages ipso facto extends the jurisdiction of the Industrial Commission to the employee's occupation by estoppel. Section 13374, supra, does not purport to be a jurisdictional section and H. B. 72, by its title, is limited in its scope to the subject matter of section 13374. The attempt to affect section 13349, supra, is invalid.

It should be noted that the estoppel in H. B. 72, supra, is limited to the insurance carrier. Hence a conclusion contrary to that reached above would result in the anomalous situation of an employer being outside of, while his insurance carrier is within, the provisions of the Workmen's Compensation Law. The award is vacated.

BAYLESS, C. J., and OSBORN, CORN, GIBSON, HURST, DAVISON, and DANNER, JJ., concur. WELCH, V. C. J., absent.