SMITTLE v. RUTHERFORD et al.

No. 29874.   March 18, 1941.

*111 P. 2d 480.*

M. O. Hart, of Tulsa, for petitioner.

J. B. Houston, Parke Davis, and A. M. Covington, all of Tulsa, Pierce & Rucker, of Oklahoma City, and Darwin C. Smith, of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. Ross Smittle, hereinafter referred to as petitioner, seeks in this proceeding to obtain a review of an award which was made by a trial commissioner and on appeal affirmed by the State Industrial Commission in favor of John Rutherford, hereinafter referred to as respondent.

The record shows that I. Oberlander was the owner of an oil and gas lease, and that he made a contract with the petitioner whereunder the latter agreed to pull certain rods and tubing from a well located on said lease for a stipulated consideration and with his own tools, equipment, and help and free from any direction or control on the part of the said I. Oberlander. The respondent, together with petitioner's son and petitioner, were engaged in the performance of the work contemplated under said contract when respondent sustained an accidental personal injury. The nature and extent of said injury is not here in issue. The respondent filed employee's first notice of injury and claim for compensation with the State Industrial Commission and named as his employers Ross Smittle and I. Oberlander. As the result of hearings held to determine liability and extent of disability, the trial commissioner found that the petitioner was an independent contractor and engaged in a hazardous employment and that respondent was his employee, and thereupon awarded compensation for temporary total and permanent partial disability which resulted from respondent's injury. The commissioner further found that the liability of the petitioner was primary and that of I. Oberlander and his insurance carrier wholly secondary.

The petitioner contends that the commissioner should have found that the respondent was an associated workman or else that he was the sole employee of the partnership of Smittle and Smittle, and therefore held to be in the first instance an employee of I. Oberlander exclusively under the authority of subdivision 4, section 13350, O. S. 1931, 85 Okla. St. Ann. § 3, subd. 4; Newblock v. Casey, 185 Okla. 515, 95 P. 2d 106; Twin State Oil Co. v. Shipley, 113 Okla. 3, 236 P. 578; Dixon Casing Crew v. State Industrial Commission, 108 Okla. 211, 235 P. 605, or else should have denied an award on the authority of section 13351, O. S. 1931, 85 Okla. St. Ann. § 11; South Oklahoma Town Co. v. Acree, 166 Okla. 110, 26 P. 2d 404; Deatherage & Renfro v. Storey, 158 Okla. 285, 13 P. 2d 124.

We are unable to agree with either of the contentions so made. At the hear-

ings held to determine liability the petitioner endeavored to show that the respondent, petitioner, and his son were engaged in a common enterprise, but his evidence wholly failed to establish this contention, since it disclosed that petitioner was the owner of all of the tools and equipment, made all contracts, assumed all responsibility, paid all bills by his own check, including the wages of respondent and those of petitioner's son, and that the only basis upon which petitioner's claim rested was that the respondent was to receive as his remuneration one-fourth of the gross profits derived from each contract. Under the evidence we are of the opinion that the State Industrial Commission was fully justified in finding that petitioner was an independent contractor. See Oklahoma Publishing Co. v. Greenlee, 150 Okla. 69, 300 P. 684; Getman-Mac-Donell-Summers Drug Co. v. Acosta, 162 Okla. 77, 19 P. 2d 149; Southland Cotton Oil Co. v. Pritchett, 167 Okla. 6, 27 P. 2d 819. The provisions of the statute, supra, relative to associated workmen has application only where the facts show that the parties are all equally interested in the performance of the work and are in effect what they purport to be, that is, workmen who merely associate themselves for the purpose of co-operating and performing a particular type of work. An entirely different situation from that is presented here.

The evidence also negatives the claim of a partnership between the petitioner and his son, the most that can be said in respect thereto being that the son was to receive as his remuneration a percentage of the gross profits of the business. As said in Utilities Coal Co. v. Rogez, 170 Okla. 264, 39 P. 2d 60:

"In order to constitute a partnership inter sese there must be: (1) An intent to form the same; (2) generally, a participating in both profits and losses; (3) and such a community interest, as far as third persons are concerned, as enables each party to make contracts, manage the business, and dispose of the property; where the agreement does not contain these essential elements, it does not constitute a partnership."

The fact that the person receives as his remuneration a share of the profits of an enterprise is not sufficient of itself to make such person a partner therein. See 39 C. J. p. 37; J. P. Martin Co. v. O'Connor, 120 Okla. 92, 250 P. 529.

There is an entire absence of any evidence of any employment by the respondent by any partnership. On the contrary, the petitioner's own evidence discloses the fact that respondent was paid by his personal checks, and that in all of the transactions he was acting in his individual capacity. The finding of the State Industrial Commission is supported by competent evidence and is not erroneous as a matter of law.

Award sustained.

WELCH, C. J., CORN, V. C. J., and RILEY, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. OSBORN and ARNOLD, JJ., absent.