FORSYTH v. SMITH.

No. 31847. Dec. 11, 1945.

*164 P. 2d 391.*

Gilliland, Ogden, Withington & Shirk, of Oklahoma City, for plaintiff in error.

Twyford, Smith & Crowe, of Oklahoma City, for defendant in error.

DAVISON, J. This case is presented on appeal from the district court of Oklahoma county. It was instituted in that court on February 19, 1943, by Peyton W. Smith, as plaintiff, against George Forsyth, individually and as liquidating trustee of the partnership of Layton & Forsyth.

Plaintiff in his petition alleged that he is an engineer and architect and that Layton & Forsyth was a partnership consisting of S. A. Layton and George Forsyth. That said S. A. Layton died on February 6, 1943, and George Forsyth became the liquidating trustee of the partnership.

Plaintiff asserted that on September 12, 1939, the partnership of Layton & Forsyth formed an association with the plaintiff for the sole purpose of entering into contracts with the State of Oklahoma for doing architectural work in the construction and/or repair of buildings belonging to the state.

Plaintiff also asserted that pursuant to such contract for association between Layton and Forsyth and himself four contracts were entered into between that association and the State of Oklahoma under which the association was to receive five per cent of the cost of constructing certain buildings for the state, and in addition thereto each of said contracts contained the following provision:

"The party of the second part agrees to provide adequate supervision of the project to insure proper fulfillment of the contracts pertaining to the construction and equipping of said buildings as required by the plans and specifications. The party of the first part agrees to pay during the entire progress of the work twenty-five dollars ($25.00) per week toward the payment of a competent building inspector suitable to and approved by party of the first part, and who shall be on the premises continuously throughout the construction of said building. Party of the second part agrees to pay whatever additional sum per week as may be necessary to obtain a building inspector meeting qualification set forth above."

The contracts covered work to be performed in Norman and Langston, Okla. In the contracts the State of Oklahoma was the party of the first part and Layton and Forsyth, architects, and Peyton Smith, associate architect, were designated as parties of the second part. The second parties executed the contract in the name of Layton and Forsyth, architects, by George Forsyth and Peyton Smith, associate architect.

Plaintiff alleged that all of the contracts had been performed and that the moneys due thereunder to said association were received by the defendant partnership and placed in its own bank account; that plaintiff had performed all the services required or needed to be performed by him, as associate architect, and that in addition thereto he was employed by the association and the state as the building inspector and supervisor for which the state had agreed to pay the sum of $25 per week, and that the association was to pay plaintiff the additional sum for such services, plus expenses incurred.

Plaintiff further alleged that although the work under said contracts had been fully performed and the payments due from the state to the association had

been received by the partnership, said partnership failed to account to plaintiff and to pay the money due him. Plaintiff then alleged that the sum of approximately $3,000 was due him. Plaintiff then prayed for an accounting and for the sum found to be due him upon said accounting.

The defendant filed his answer and cross-petition in which he denied that any sum was due from the defendant to the plaintiff; asserted that the association between plaintiff and Layton and Forsyth constituted a general partnership between the plaintiff and S. A. Layton and George Forsyth contemplating the performance of architectural work, and that the contract with the state was only a part of the general business to be engaged in and performed by the partnership, and that the partnership entered into various other contracts and agreements for the purpose of rendering architectural services, and that all such contracts should be considered in the accounting. Defendant further asserted that the plaintiff found it necessary to borrow money from George Forsyth, for which loans in the sum of $450 plaintiff executed his promissory note to the defendant George Forsyth and that plaintiff also borrowed $150 from S. A. Layton and that said sums were due and unpaid.

Defendant prayed judgment against plaintiff for the sum of $600, which included the $450 above mentioned and the $150 borrowed from S. A. Layton.

Plaintiff filed a reply to the answer and cross-petition of the defendant which reply was in effect a general denial. Trial was conducted before the court without the aid of a jury.

At the commencement of the trial the plaintiff requested that the trial court make written findings of fact and conclusions of law. The parties to the cause produced their evidence and rested. The trial court then made and entered its findings of fact and conclusions of law. It determined that in September of 1939 Layton and Forsyth formed an association with the plaintiff in this action for the purpose of entering into contracts with the State of Oklahoma in connection with the construction and repair of buildings owned by the state. It also determined that subsequent to the formation of the association four contracts were made with the state, three of which were performed and the fourth of which was not completed on account of war conditions and shortages created thereby, and that the association had been paid in full for all services rendered under said contracts. The court also determined that all moneys collected were placed in the bank account of Layton and Forsyth. The court likewise determined that the expenses connected with the association were payable out of said bank account.

The court also found that the State of Oklahoma paid the $25 per week as provided by paragraph 2, subparagraph g of the contracts, which payments were deposited in the account of Layton and Forsyth. It also determined that the plaintiff was selected as building inspector and that his compensation was agreed upon as $200 per month plus an additional $90 per month as car expenses, and that the plaintiff acted as such building inspector for a period of 18 2/3 months. The court also found that the compensation for plaintiff as building inspector was reasonable.

The court determined that Layton and Forsyth performed services for the Warner Brothers Theatre Company under contracts made by said partnership with said corporation and that the plaintiff did some work in connection therewith but that there was no contract of partnership, association, or employment between Layton and Forsyth and the plaintiff in connection with the theatre work.

The court further ascertained that plaintiff found other architectural work which if completed would have been on the same basis as work done for

the State of Oklahoma, but the court determined such work was never completed and no fees were earned in connection therewith. The court also found that Layton and Forsyth conducted extensive negotiations with Little and O'Dell of Detroit, Mich., and incurred expenses in connection with the negotiations but that the plaintiff was not a partner with Layton and Forsyth in such enterprises.

The trial court concluded that the relationship between plaintiff and Layton and Forsyth did not constitute a partnership. The court also concluded that the $200 paid plaintiff each month as building inspector, and the $90 per month automobile expense, should be treated as expense of the association to be deducted before any division of receipts. The court also concluded that none of the personal expense of Layton and Forsyth, such as contributions to charities, civic enterprises, publication, moving expenses, insurance, advertising, cost of endeavoring to procure the Little and O'Dell contracts, should be charged to the association.

At the conclusion of the evidence the court found generally for the plaintiff and against the defendant and determined that there was due and owing from the defendant to the plaintiff the sum of $2,298.81, which calculation allowed credit for the amount due on a promissory note for $450 plus interest and attorney's fees.

Both parties to the litigation have appealed from the judgment rendered. The defendant, George Forsyth, appears before us as plaintiff in error. For the sake of convenience we shall continue to refer to the parties by their trial court designation.

The defendant, as plaintiff in error, asserts that "the judgment rendered by the trial court is not supported by but is contrary to the weight of the evidence." Defendant asserts that the relationship between Layton, Forsyth, and Smith was a partnership and cites Shackleton v. Commercial Lumber Co., 182 Okla. 211, 77 P. 2d 60, and O. K.

Boiler & Welding Co. v. Minnetonka Lumber Co., 103 Okla. 226, 229 P. 1045.

The cited cases deal generally with partnership and joint adventure but they fail to suggest any test which would be of assistance in solving the question now before this court.

The plaintiff cites Smittle v. Rutherford, 188 Okla. 555, 111 P. 2d 480; Peters v. Fry, 173 Okla. 30, 46 P. 2d 358; Hawkins v. Mattes, 171 Okla. 186, 41 P. 2d 880, and Municipal Paving Co. v. Herring, 50 Okla. 470, 150 P. 1067. These cases support the determination of the trial court that a partnership was not created between the plaintiff and Layton and Forsyth.

Some of the more important facts upon which the trial court found that a general partnership did not exist are:

(1) The manner in which the contracts with the state were made and executed on behalf of the parties hereto. This feature having been heretofore pointed out.

(2) Layton and Forsyth made partnership income tax returns to the United States and to the State of Oklahoma, while the alleged partnership, which the court found did not exist, made no tax returns.

(3) Plaintiff made his separate tax returns.

(4) The sign on the office building placed there during the performance of the state contracts read "Layton and Forsyth". Plaintiff's name did not appear.

(5) The alleged partnership paid no taxes, owned no property and did not have a listing in the telephone directory.

The record also shows that the court's findings for the salary and expenses allowed plaintiff were based on satisfactory evidence.

We conclude that the judgment of the trial court is based on the findings

of fact and conclusions of law and the subsequent stipulation and evidence as to the actual amount due. The judgment is supported by the evidence and is not contrary to the clear weight thereof.

The next question presented is whether the findings made by the trial court are binding on this court. In Nelson v. Golden, 84 Okla. 29, 202 P. 308, this court said:

"In a case properly triable to the court without a jury, and the court having made findings of fact, and said findings of fact are not clearly against the weight of the evidence, and the judgment of the court is based upon the findings of fact, the judgment of the trial court will not be disturbed on appeal."

To the same effect see Smith v. Spencer, 8 Okla. 459, 58 P. 638; Smith v. Lindsey, 91 Okla. 8, 215 P. 791; Nickel v. Janda, 115 Okla. 207, 242 P. 264; Beams v. Step, 116 Okla. 291, 244 P. 775; Lowe v. Hickory, 176 Okla. 426, 55 P. 2d 769; Dotterer v. Chicago, R. I. & P. Ry. Co., 78 Okla. 67, 188 P. 1055; Roberts v. Roberts, 175 Okla. 602, 53 P. 2d 671; and Johnson v. Rowe, 186 Okla. 60, 89 P. 2d 955.

The plaintiff urges in his cross-appeal that since there was a period of eight months and 15 days during which no work contemplated by the association was performed, he should not have been charged with a portion of office expenses during that time.

In view of the fact that the profitable business of the association was connected with contracts with the State of Oklahoma, and in view of the further fact that the association was not terminated during the period of time the office expense was fixed as a charge, and in view of the agreement which existed between the parties, we are disposed to think, and therefore hold, that plaintiff's cross-appeal is without substantial merit.

Judgment affirmed.

RILEY, BAYLESS, WELCH, CORN, and ARNOLD, JJ., concur.