J. B. LOWE and Archie Lowe, d/b/a Lowe Brothers Trucking Company, Petitioner,

v.

Charles S. RICHARDSON and the State Industrial Commission, Respondents.

No. 36828.

Supreme Court of Oklahoma.

Sept. 13, 1955.

Ross Hutchins, Marlow, for petitioner.

Elvie L. Sewell, A. W. Mauldin, Duncan, Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, Justice.

In this case it appears from the claim for compensation filed by claimant Charles S. Richardson and the evidence adduced in support thereof that on the 26th day of January, 1954, while in the employ of J. B. Lowe and Archie Lowe, partners doing business under the Firm Name of Lowe Brothers Trucking Company, referred to as petitioner herein, claimant sustained an accidental injury arising out of and in the course of his employment resulting in a hernia.

The trial commissioner so found and entered an award in favor of claimant accordingly, which was sustained on appeal to the Commission en banc.

Petitioner brings the case here to review this award and relies for its vacation on the sole ground that claimant was the only employee it had in its employ at the time the accident occurred; that he was not therefore covered by the Workmen's Compensation Law, and the State Industrial Commission was without jurisdiction to enter an award in his favor. Citing 85 O.S.1951 § 11. This section provides in part:

"Every employer subject to the provisions of this Act shall pay, or provide as required by this Act, compensation according to the schedules of this article for the disability or death of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment, * * * provided that the provisions of this Act shall not apply to any employer if he shall employ less than two (2) workmen; * * *."

The evidence further shows that petitioner was engaged in the general trucking

business. It entered into contracts to do various kinds of hauling. The number of men it kept in its employ depended upon the particular job it had then contracted to do. On the 26th day of January, 1954, the date claimant claims to have sustained his injury, it was engaged by Mitchell and Rouse of Marlow, Oklahoma, to haul bales of cotton from the gin at Bray, Oklahoma, to the warehouse at Marlow. Claimant was engaged to drive the truck on the day he claims to have sustained his injury.

Claimant testified that on the day he sustained his injury he was engaged by petitioner to drive a truck for the purpose of moving the cotton; that while engaged in loading the cotton he sustained his injury above mentioned; that petitioner did various kinds of hauling. The number of men it kept in its employ depended upon the character of hauling it was doing at the time. On the date he sustained his injury and on the particular job he was then working he was the only employee in the employ of petitioner. Mr. Lowe, one of the partners, likewise so testified.

In these circumstances claimant was not covered by the Workmen's Compensation Law, and the State Industrial Commission was without jurisdiction to award him compensation. In Roy Deaton Co. v. State Industrial Commission, 178 Okl. 536, 63 P. 2d 742, we held:

"Under section 13351, O.S.1931, the provisions of the Workmen's Compensation Law do not apply to an employer employing less than two workmen."

In that case we further said:

" * * * we find that the respondent was the sole employee of the contractor, Powell, at the time the accident occurred. While W. M. Long and his helper had been previously engaged and employed on the job, that their employment had terminated several days prior to the respondent's accidental injury. The fact that these parties had been in the prior employment of the contractor was not sufficient to bring the respondent within the provisions of the Workmen's Compensation Act. See Death-

erage & Renfro v. Storey, 158 Okl. 285, 13 P.2d 124. The contractor and respondent were the sole workmen on the job at the time of the accident and injury, and the respondent was the sole employee of the contractor at the time. Under these circumstances the commission was without jurisdiction to make any award and should have dismissed respondent's claim for this reason. * * *"

The same conclusion has been reached in the following cases: South Oklahoma Town Co. v. Acree, 166 Okl. 110, 26 P.2d 404; Deatherage & Renfro v. Storey, supra.

Under the evidence, and the above authorities, the State Industrial Commission was without jurisdiction to award claimant compensation.

Award vacated with directions to dismiss the claim.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY and JACKSON, JJ., concur.

BLACKBIRD, J., dissents.