**TOWN OF WELLSTON, a Municipal Corporation, Petitioner,**

**v.**

**STATE INDUSTRIAL COURT, Zoe Ingram, Shirley Ingram and R. B. Holtzendorff, Attorney for Respondents, Respondents.**

No. 40434.

Supreme Court of Oklahoma.

July 2, 1963.

Rehearing Denied Sept. 24, 1963.

P. D. Erwin, Chandler, for petitioner.

R. B. Holtzendorff, Oklahoma City, Charles R. Nesbitt, Atty. Gen., for respondents.

PER CURIAM.

The decisive question presented here for our determination is whether the Town of Wellston, an uninsured employer, came within the purview of the Workmen's Compensation Act. Employer contends on the day of decedent's fatal injury he was the only workman in its employ who was engaged in hazardous employment and seeks

to set aside the trial tribunal's award to the widow and a dependent child.

The question so posed is governed by the provisions of 85 O.S.1961 § 11, which so far as pertinent here are:

"* * * the provisions of this Act shall not apply to any employer if he shall employ less than two (2) workmen; * * *."

The material facts bearing on this issue are not in dispute. Decedent, who was employer's water superintendent, met instantaneous death when electrocuted while engaged in the duties of his employment on July 16, 1962. On the day of his death, decedent and a night watchman were the only employees of the town. Shortly prior to that day and on other occasions previously, decedent had intermittently engaged some laborers to assist him in the water department when "necessary" to meet current work load. The duties of the night watchman consisted of guarding the business district. He had no power to arrest for violations of the law and was required to "report" burglaries and other crimes to the County Sheriff. The town had no police department. There is no showing that the night watchman performed any duties incident to or connected with the water works

For the purpose of determining whether the employer had the requisite number of workmen as provided in the quoted statute, only those workmen may be counted as employees who were actually engaged in hazardous employment. Personnel employed in a department or occupation which is nowise hazardous within the meaning of the Workmen's Compensation Act may not be considered in ascertaining the number of employees. South Oklahoma Town Co. v. Acree et al., 166 Okl. 110, 26 P.2d 404.

The evidence fails to show that the night watchman was engaged in hazardous employment. In order for a night watchman to come within the provisions of the Act, his duties must be either inci-dent to or connected with some employment enumerated in or defined as hazardous by statute. Mashburn v. City of Grandfield et al., 142 Okl. 247, 286 P. 789, 791. See also Payton v. City of Anadarko et al., 179 Okl. 68, 64 P.2d 878, 880. There is no showing here that the night watchman's duties were in any manner connected with or incident to any activity or endeavor declared by statute to be hazardous. His work was totally unrelated either to the water department or to police duties. We therefore hold that the night watchman was not engaged in hazardous employment within the meaning of the Workmen's Compensation Act. 85 O.S.1961 §§ 2 and 3.

Claimant cites Dolese Bros. Co. v. Pardue et al., 184 Okl. 94, 85 P.2d 323 and Sinclair Prairie Oil Marketing Co. v. King et al., 185 Okl. 570, 94 P.2d 911. These cases bear no analogy to the present case. In both of them the night watchman performed work incidental to a hazardous plant.

Neither can we agree with claimant's assertion that in determining the aggregate number of employees the trial tribunal could properly consider the fact that at prior times additional laborers were hired to assist the decedent. Casual or occasional workmen who were in employer's service *prior* to the date of the accidental injury for which a claim is asserted may not be counted in determining whether on the day of injury employer had the requisite number of workmen as provided in 85 O.S.1961 § 11. Lowe v. Richardson, Okl., 287 P.2d 680; Roy Deaton Co. v. State Industrial Commission et al., 178 Okl. 536, 63 P.2d 742; Deatherage & Renfro v. Storey, 158 Okl. 285, 13 P.2d 124; South Oklahoma Town Co. v. Acree et al., supra. Our decision in Teague v. State Industrial Commission et al., 112 Okl. 292, 240 P. 1053, which is cited in claimant's brief, is not contrary to our holding in this case. There the facts show that aside from claimant an additional employee was regularly engaged in the plant at the time of the accidental injury.

The trial tribunal's award is entirely unsupported by any competent evidence and is contrary to law. We hold that on the day of decedent's death he was the sole employee of the town engaged in hazardous employment. It therefore follows that the town did not come within the purview of the Workmen's Compensation Act.

Award vacated with directions to deny the claim for want of jurisdiction.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.