### STANLEY et al. v. MOWERY.

No. 32904.    April 19, 1949.
Rehearing Denied June 14, 1949.

*207 P. 2d 277.*

Duke Duvall and Dudley, Duvall & Dudley all of Oklahoma City, and Brown & Cund, of Duncan, for plaintiffs in error.

Ernest W. Tate and Williams & Williams, all of Ardmore, for defendants in error.

PER CURIAM. This was an action by the administratrix of a deceased employee of defendant Kenneth Stanley, d-b-a Kenneth Stanley Transport Company. William Leslie Lindesmith, plaintiff's intestate, was the operator of one of defendant's transport trucks and was killed in a collision between the truck driven by him and another truck of the defendant driven by another employee. Plaintiff's action is based upon the alleged negligence of defendant in furnishing to the deceased a transport truck which was improperly constructed and equipped and that defendant's negligence was the proximate cause of the death of decedent. Liability of the codefendant, National Auto Insurance Company of Los Angeles, Cal., is based upon its statutory liability as insurance carrier of defendant, Kenneth Stanley, under the provisions of 47 O.S. 1941 §169.

On this appeal the first question presented to this court for determination is whether the interpretation by this court of said section 169 in the case of Casualty Reciprocal Exchange v. Sutfin, 196 Okla. 567, 166 P. 2d 434, should be adhered to by this court or overruled as an erroneous interpretation of the language of said section 169. No claim is made here that the evidence of negligence was insufficient to justify the verdict and judgment.

The second paragraph of our syllabus here is adopted from the Sutfin case, supra.

The first contention of defendants is thus stated in their brief:

"The contentions of the defendants upon this appeal for reversal are that the trial court erred in refusing to eliminate the Company as a party defendant and instructing the jury of the existence of public liability and property damage insurance, because the statutory motor carrier insurance does not cover injuries to or death of employees occurring while engaged in the course of their employment; and that the case of Casualty Reciprocal Exchange v. Sutfin, 196 Okla. 567, 166 P. 2d 434, holding to the contrary by a bare five to four majority, should be overruled."

It is clearly evident that the correctness of defendants' contention depends entirely upon whether or not the opinion in the Sutfin case erroneously determines that the language of 47 O. S. 1941 §169 is inclusive enough to make the insurance coverage required by that

section reach to and protect employees of the transport company.

Our opinion became final December 18, 1945. Evidently· the interpretation therein given to section 169, Id., aroused considerable public interest throughout the motor trucking industry and the liability insurance business, because when the Legislature convened in January, 1947, one of the early bills introduced for passage at that session was House Bill No. 36. This bill had for its purpose, and the only objective sought to be attained by it, was to amend said section 169, Id., by inserting in the body thereof language which would make the section conform strictly to the contentions here made by the defendants. The title of that act reads:

"An Act amending Section 169, Title 47, O.S. 1941, relating to the Liability Insurance Policy required to be filed with the Corporation Commission by Motor Carriers, and declaring an emergency."

Section 169, Id., as proposed by that bill to be amended, if the same had been adopted by the Legislature, would have read as follows:

"No certificate of convenience and necessity, or permit, shall be issued by the Corporation Commission to any motor carrier until after such motor carrier shall have filed with the Corporation Commission a liability insurance policy or bond covering public liability and property damage, issued by some insurance or bonding company or insurance carrier, authorized to do business in the State and which has complied with all of the requirements of the Corporation Commission, which bond or policy shall be approved by the Corporation Commission; and shall be in such sum and amount as fixed by a proper order of said Commission; and such liability and property damage insurance policy or bond shall bind the obligor thereunder to make compensation for injuries to, or death of, persons, and loss or damage to property, resulting from the operation of any such motor carrier for which such carrier is legally liable, *but such policy· or bond may exclude compensation for*

*injuries to or death of employees of such carrier while engaged in the course of their employment and loss of or damage to property of such carrier and property transported by such carrier;* provided, that said Commission, may, in its discretion, relieve any motor carrier herein classified under class 'C' from the obligation of filing such public liability and property damage bond. A copy of such policy or bond shall be filed with said Commission, and, after judgment against the carrier for any such damage, the injured party may maintain an action upon such policy or bond to recover the same, and shall be a proper party so to do."

This bill never became a law and it is fairly inferable from the interpolated language intended as an amendment to the section, that the Sutfin case and the rule therein announced were known to and discussed in the Legislature during the pendency of the bill. It might be inferred from the failure of the bill to become · a law that the Legislature at least did not desire to change the language of section 169 as construed by the decision in the Sutfin case. Defendants' contentions are reflected by the dissenting opinion filed in the Sutfin case, which was also before, and must have been considered by, the Legislature at the time it considered House Bill No. 36. The determination of public policy is primarily for the Legislature, and in formulating such policy, the Legislature is not bound by an administrative construction of a prior enactment, but may wholly disregard the same. The protection of industrial workers from the hazards of their employment is a proper subject for legislative action, and since the Legislature in the original enactment of the Workmen's Compensation Law omitted from the protection of that Act employees of motor carriers (M. V. Stillwell Trucking Contractor v. Patterson, 184 Okla. 642, 89 P. 2d 766 and authorities therein cited), it was competent to thereafter provide for their protection by the enactment of section 169, Id., and to commit the details of that protection to the Corporation Commission which was giv-

en exclusive jurisdiction over motor carriers. If in the exercise of that administrative power the Corporation Commission erred in its interpretation of the legislative mandate, as held by this court in the Sutfin case, it may reasonably be assumed that when the Legislature failed to pass House Bill No. 36, it considered that the clarification of the language used by it in section 169 by this court reflected the original legislative intention.

Under all the circumstances, we decline to overrule the Sutfin case.

The plaintiff in error next contends in effect that the judgment against the insurance company in the sum of $10,-000 is erroneous in amount, and although the face of the policy allows for $10,000, it is contended the limit of statutory motor carrier coverage is fixed by the amended Form E endorsement prescribed by the Corporation Commission, and thereunder such liability cannot exceed the sum of $5,000.

We observe there is an endorsement at considerable length attached to the insurance policy, and while it is not designated as a "Form E" endorsement, it is substantially the same, though not an identical copy of the Form E endorsement prescribed by the rules of the Corporation Commission. And while the endorsement on the insurance policy does not show the acceptance for filing in the exact language prescribed in the rules of the Corporation Commission, it is fair to say that the policy with endorsement was accepted and approved and filed by the Corporation Commission. The endorsement attached to the insurance policy here involved does purport to restrict the liability of the insurance company to "not exceeding Five Thousand ($5,000.00) Dollars," in the exact language of the "Form E" prescribed by the rules of the Corporation Commission, however, the difficulty in determining whether the insurance company is liable to judgment here in the sum of $5,000 or $10,000 does not end with these observations.

We may assume that the Corporation Commission had the authority to fix the liability at $5,000 by proper order and perhaps to limit it to $5,000 by proper order; the question here is whether the Corporation Commission has done so or whether the liability here may be larger by reason of the insurance policy issued and filed.

The law provides (47 O. S. 1941 §169) that the Corporation Commission must require a liability insurance policy or bond which "shall be approved by the Corporation Commission and shall be in such sum and amount as fixed by a proper order of said Commission."

Thereafter, the Commission, by proper order (Order No. 15693 effective Sept. 1, 1942) provided as stated in rule 23, subsec. (a), that:

"No motor carrier, as defined, shall operate as such within the State unless such operations are covered by bond or bonds, insurance policy or policies in full compliance with the terms and provisions of law and this general order. The Commission will authorize no new motor carrier operation until said terms and conditions have been complied with and such coverages shall be filed with and approved by the Commission."

And further provided in subsec. (b), in substance, that as to amount such insurance should be "not less than $5,000.00 for any one person injured," and further provided in subsec. (e) of rule 23 that "No requirement of this rule shall be construed to restrict the Commission in changing amounts of coverage to be carried where circumstances warrant, or where any motor carrier elects to carry greater coverage than required."

And it appears by subsection (p) of the same rule 23, that the Corporation Commission prescribed the exact form of "Form E" that might be attached to insurance policies and therein referred to the extent of liability as "not exceeding $5,000.00."

The question then occurs whether the "proper order of said Commission"

fixed the liability at a maximum of $5,000 or fixed the liability at a minimum of $5,000, with expressed provision for a larger coverage and larger liability which might be fixed by the insurance policy itself.

If we give consideration only to the formal order of the Commission, it seems clear from the statements in subsections (b) and (e), that the Commission did not fix the amount of insurance required, but fixed a minimum of $5,000, with specific provision for the carrying of greater coverage which would be at the option or "election" of the motor carrier and the insurer.

On the other hand, if we consider only the action of the Corporation Commission in prescribing the "Form E" endorsement and the further act of accepting and filing the insurance policy here involved with the endorsement carried thereon as above noted, then it would seem that the limit of liability is fixed at $5,000.

No authority exactly in point is cited and our limited time for research has disclosed no such decision. However, see Liberty Mutual Ins. Co. v. McDonald, 97 Fed. 2d 497.

In the Sutfin case, supra, the insurance policy bore an endorsement similar, if not identical, with the endorsement in this case, but in that case the insurance policy itself was for $5,000, so that in any event the liability there could not have been greater than $5,000. And in this case the insurer could have saved any question on the point by writing the motor carrier an insurance policy in the sum of $5,000 instead of $10,000.

In determining the question what is the statutory liability or limit of liability under motor carrier coverage, we conclude that the effective or controlling act of the Corporation Commission is the entry of its order above noted. The statute required it to take action "by a proper order." And we conclude that thereby the Corporation Commission fixed the minimum liability at $5,000, but with provision that a motor carrier and his insurer could in their discretion, or on "electing" so to do, issue and file an insurance policy providing for greater coverage. And we conclude that in the instant case the filing of the $10,000 policy was effective to provide coverage of liability up to that sum notwithstanding the contention here that the attached endorsement reduces that liability to a fixed statutory liability of $5,000.

In testing the limitation of liability here, a consideration of this insurance policy with its endorsement alone, that is, paying no attention to the statute or the Corporation Commission order, might lead to the conclusion that the policy was ambiguous, and then justify or require a resolving of the ambiguity against the insurer.

We do not here question the authority of the Corporation Commission under the statute to fix a limit of liability of $5,000 for application to cases such as this. For the purposes of this case, we assume that the Corporation Commission could do that if it concluded to do so and should take such action by a proper order. We merely hold that thus far the Corporation Commission has not, by any proper order, fixed such a limit of liability, and that under the policy here involved the limit of liability was $10,000 as held by the trial court.

In reaching that conclusion we take the view that the action of the Corporation Commission in accepting and filing, and thereby presumptively approving, the instant policy with the endorsement attached thereto, could not be said to be the fixing of the $5,000 limit of liability "by a proper order of said Commission" as required by law (47 O. S. 1941 §169).

It may be that the act of receiving such a bond and endorsement would have been a sufficient fixing of the liability or limit of liability under the law as it existed when "Form E" was first adopted or prescribed by the Corpora-

tion Commission. It seems that action was taken by the Commission to effectuate the provisions of section 3697, O. S. 1931 (See Continental Casualty Co. v. Shankel, 88 Fed. 2d 819, 822). That section of the statute adopted in 1923 required that there should be "filed with the Corporation Commission of this State a liability insurance bond . . . in such a penal sum as the Corporation Commission may deem necessary . . . ."

That statute was superseded by section 3708, O. S. 1931, adopted in 1929, which read in part as follows:

"Such Corporation Commission shall also require a surety bond to be approved by said · Commission in such penal sum as the Commission may require . . . ."

Since neither section just quoted required a formal order in advance fixing the amount of insurance liability to be furnished and filed, it may be the limit of liability was effectively fixed when the Commission, acting under those sections, accepted a bond with the "Form E" endorsement as referred to in the Sutfin case, supra, and the Shankel case, supra, limiting liability to $5,000.

But in 1933 the above section 3708 was superseded by 47 O. S. 1941 §169 (re-enacted in 1937, S. L. 1936-1937, p. 444). And for the first time it was required, as we have heretofore noted, that the insurance policy " . . . shall be approved by the Corporation Commission and shall be in such sum and amount *as fixed by a proper order of said commission* . . . ."

In giving effect to this legislative change in the law, we must look for a fixing of this liability or limit of liability "by a proper order of" the Corporation Commission. There is no order fixing the maximum liability at $5,000 as we have seen.

And for the reasons stated, the judgment of the trial court is affirmed.

DAVISON, C. J., and WELCH, CORN, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur. ARNOLD, V. C. J., and GIBSON and HALLEY, JJ., dissent.

No. 33344.    May 10, 1949.
Rehearing Denied June 14, 1949.