**In re Request for Grand Jury.**

**Charles KEY and Glenn Wilburn, Appellants,**

v.

**The Honorable Daniel L. OWENS, Presiding Judge, 7th Judicial District, Appellee.**

**No. 86591.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Dec. 24, 1996.

Certiorari Denied Feb. 18, 1997.

County District Judge Daniel L. Owens quashing their amended request to call a grand jury to investigate the April 19, 1995, bombing of the Alfred P. Murrah Building in Oklahoma City. Two questions are presented on appeal: 1) is the amended petition sufficient under 38 O.S.1991 §§ 101 & 102; and 2) if so, does the court nevertheless have discretion to deny circulation of the petition for perceived reasons of public policy? We answer the first question in the affirmative, the second in the negative, and reverse the order refusing to allow circulation of Petitioners' amended grand jury request.

On October 27, 1995, Petitioners filed their original petition with the court clerk of Oklahoma County to convene a grand jury to investigate the bombing of the Murrah Building. In that request, they stated the following:

> The purpose of the grand jury is to investigate the bombing of the Alfred P. Murrah Federal Building in Oklahoma City which occurred on April 19, 1995. The purpose of the grand jury also will be to investigate whether obstruction of justice, generally or specifically, has occurred or violation of Oklahoma Statutes Title 21 sections 421, 451, 452, 453, 454, 455, 456, 540, 543, 544, 545, 546.

On October 31, 1995, the district judge entered an order quashing the petition for insufficiency. In his order, the district judge expressed that "[n]either of the allegations made in the petition set forth any reasonably specific identification of any areas to be inquired into but are merely blanket allegations without specificity."

Petitioners then amended their request and refiled it on November 2, 1995. The amended request stated that the purpose of the grand jury was:

> 1. To identify and indict persons who participated in the planning and/or carrying out of the bombing of the Alfred P. Murrah Federal Building in Oklahoma City, Oklahoma County, State of Oklahoma on April 19, 1995 which resulted in the deaths of Robert Neal Chipman, Katherine Louise Cregan, Anita Christine Hightower, Raymond Lee Johnson, Kathryn Elizabeth

Mark S. Sanford, Windham & Sanford, P.C., Oklahoma City, for Appellants.

Robert H. Macy, District Attorney, John Jacobsen, Assistant District Attorney, Beverly A. Palmer, Assistant District Attorney, Oklahoma City, for Appellee.

*MEMORANDUM OPINION*

BOUDREAU, Judge.

Charles Key and Glenn Wilburn (Petitioners) appeal an order entered by Oklahoma

Ridley, Trudy Jean Rigney, and Charlotte Andrea who were killed away from federal property and, therefore, are not included by federal law in any federal indictments under the murder and/or racketeering and/or conspiracy laws of the State of Oklahoma, under Oklahoma Statutes, Title 21 & 22; and, in addition, to investigate into any and all other matters called to the attention of the Grand Jury.

2. To indict any person or persons who interfere with or provide false information to the Grand Jury in violation of Oklahoma Statutes, Title 21, sections 421, 451, 452, 453, 454, 455, 456, 540, 543, 544, 545, 546.

Again, the district judge quashed the petition for insufficiency by order dated November 6, 1995. In this second order, the district judge reiterated that the petition fails to state a reasonably specific identification of areas to be inquired into and general allegations warranting an indictment. Further, he specifically found the following:

1. The petition requests the grand jury be called to investigate the bombing of a federal building which has been previously looked into and an indictment rendered by a federal grand jury. Petitioners' claim that the persons listed in his Amended Petition are covered by federal law is clearly erroneous because the statute extends to all persons injured or killed as a result of the criminal act. The information which has been accumulated is readily available to the Oklahoma County District Attorney should he seek to charge any alleged perpetrators with the offense.

2. The allegations made in the petition have been thoroughly investigated and this Court sees no reason, as a matter of law, to attempt to reinvent the wheel and duplicate an investigation performed by the federal government.

As a result, Petitioners bring this appeal.

■ Both issues presented on appeal, the statutory sufficiency of the grand jury petition and the purview of the district judge's discretion, are legal ones. Contested issues of law are reviewable in all actions, suits, and proceedings by a de novo standard. *Weeks v. Cessna Aircraft Co.*, 895 P.2d 731, 733

(Okla.Ct.App.1994). Review of law is called "de novo," which means no deference, not necessarily a full rehearing or new fact finding. *Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984).

In adopting Article 2, § 18 of the Oklahoma Constitution, the framers intentionally reserved to the people the prerogative for calling a grand jury by way of the initiative petition mechanism. However, in 1989, the Oklahoma legislature enacted certain preliminary "sufficiency" requirements. Before circulation for signatures, a petition calling for a grand jury must be filed with the county court clerk for a determination of sufficiency by the presiding district judge. 38 O.S. 1991 § 101.

A grand jury petition is sufficient if it states the following: 1) "the subject matter or matters of the prospective grand jury"; 2) "a reasonably specific identification of areas to be inquired into"; and 3) "sufficient general allegations to warrant a finding that such inquiry may lead to information, which, if true, would warrant a true bill of indictment or action for removal of a particular public official." *Id.* If the petition does not meet these requirements, the statute directs that an order be entered determining such petition deficient, and such order "shall quash said petition, and shall set forth clearly in writing each and every deficiency found by said judge." 38 O.S.1991 § 102.

■ In this case, Petitioners seek to impanel a grand jury to investigate a specific and infamous crime. In their amended request, Petitioners state 1) the subject matter—the bombing of the Murrah Building; 2) the area to be inquired into—the identification of people who planned and participated in carrying out the heinous act; and 3) general allegations that would lead to an indictment—the murders of seven people for which no prosecution is currently pending. The statutory provision, we conclude, requires nothing more.

Our conclusion in this regard is reinforced by the fact that neither the presiding district judge nor District Attorney has been able to identify in what respect the amended petition

is deficient. In his November 6, 1996, order, the presiding district judge generally avers that "the petition fails to reasonably state or specify any areas which need to be investigated and does not state a reasonably specific identification of areas to be inquired into and sufficient general allegations to warrant a finding that such inquiry may lead to additional information which, if true, would warrant a true bill of indictment or action for removal." This averment, however, is merely a repeat of the statutory language describing the sufficiency requirements. Nowhere does the district judge actually "set forth clearly in writing each and every deficiency found" as required by 38 O.S. 1991 § 102. Moreover, our careful scrutiny of District Attorney's brief on appeal fails to illuminate any specific deficiency of Petitioners' amended request.

 Having answered the first question on appeal, the second issue we must address is, given the statutory sufficiency of the petition, is the presiding district judge somehow imbued with discretion to deny circulation of the grand jury petition for perceived reasons of public policy; in other words, may the presiding judge quash the petition for reasons other than sufficiency? In defending the order denying Petitioners the right to circulate their request, District Attorney, in essence, argues that the presiding judge may quash the petition for reasons such as improper motive, unnecessary duplication of efforts, and other perceived public policy concerns. We strongly disagree.

District Attorney first asserts that Petitioners abuse the grand jury process because they seek "to pursue vain allegations of government cover-up involving the Murrah Bombing." The Oklahoma Supreme Court has stated emphatically that motive is not to be considered in ruling on sufficiency. The presiding district judge cannot "determine as a matter of law that the petition for grand jury is a witch hunt based upon speculation or conjecture ... nor can [he] carte blanche impugn [Petitioners'] motive. This is the function of the grand jury." *State ex rel. Harris v. Harris,* 541 P.2d 171, 173 (Okla. 1975).

District Attorney next maintains that public policy concerns, such as judicial economy and fiscal conservatism in managing taxpayer dollars, mandate against impaneling a state grand jury to investigate the bombing because it would be a "duplicative effort." First, District Attorney asserts that a state grand jury is unnecessary because it would amount to "redoing a Federal Investigation still in progress [and] is neither productive or cost efficient." Second, District Attorney argues that Petitioners should have presented their claims to an already impaneled state grand jury, because "[t]axpayers should not be made to bear the cost of multiple Grand Juries at the whim of any one individual, without a discretionary check on this process." District Attorney also expresses concerns over the possible interference of a state grand jury investigation with the integrity of the pending federal prosecution of already indicted persons.

In support of the proposition that the district judge may consider these issues in reviewing the grand jury petition, District Attorney relies on *Hoffman v. United States,* 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951). He argues that "*Hoffman* affords the Judicial branch this discretionary check by allowing the court to deny Petition for Grand Jury when 'other Federal Agencies may render it unnecessary to invoke the compulsive process of the Grand Jury.'" In *Hoffman,* which involved a grand jury witness's fifth amendment right against self-incrimination, the Supreme Court stated that "[e]nforcement officials taking the initiative in grand-jury proceedings and courts charged with their superintendence should be sensitive to the considerations making for wise exercise of such investigatory power, not only where constitutional issues may be involved but also where the noncoercive assistance of other federal agencies may render it unnecessary to invoke the compulsive process of the grand jury." *Id.* at 485, 71 S.Ct. at 817–18.

District Attorney relies on *Hoffman* to argue that Petitioners' grand jury request may be denied based on the fact that the information has already been pursued by another agency. We disagree. Based on the facts of

*Hoffman,* it is clear that the Supreme Court's comments are directed at the grand jury's use of its investigatory powers once it has been convened. Contrary to District Attorney's position, we see no application of the principles in *Hoffman* to the issue presented to us on appeal, i.e., the people's initial right to call a grand jury.

The concerns over motive and public policy are simply not proper considerations for the district judge in determining the sufficiency of the petition. *Rather, they are issues appropriately contemplated by the grand jury in deciding whether to take action, if and when the people indicate their will to call a grand jury by signing the circulated petition.* Article 2, section 18 of the Oklahoma Constitution, expressly states that a "grand jury *shall* be ordered by a district judge upon the filing of a petition" with the appropriate number of signatures. (Emphasis added). The word "shall" is mandatory and leaves no room for discretion. *State ex rel. Ogden v. Hunt,* 286 P.2d 1088 (Okla.1955). As a result, the district judge's only role in this particular instance is to pass on the petition's sufficiency pursuant to the statutory requirements.

Oklahoma courts have long recognized that the determination of public policy is primarily for the legislature. *Stanley v. Mowery,* 201 Okla. 480, 207 P.2d 277, 280 (1949). "Neither the Supreme Court nor a district court may expand the plain wording of a statute by construction where the legislature has expressed its intention in the statute as enacted." *Toxic Waste Impact Group, Inc. v. Leavitt,* 755 P.2d 626, 630 (Okla.1988).

If the legislature had intended for factors such as those identified by District Attorney to be considered by the district judge when examining the sufficiency of a grand jury petition, it would have included language to that effect in the statutory provisions when it enacted them only seven years ago. In considering the Petitioners' amended request, the district judge did not have the power to act as a super-legislature by rewriting legislative enactments to conform with his views of public policy. *Id.* Neither do we have such power and, therefore, cannot uphold the district judge's order.

In conclusion, we rule as a matter of law that Petitioners' amended request for a grand jury meets the statutory sufficiency requirements of 38 O.S.1991 §§ 101 & 102, and that the district judge has no discretion to prevent a sufficient petition from being circulated. Accordingly, we remand the cause to the district judge with directions to enter an order determining Petitioners' request to be sufficient and to allow Petitioners to proceed with the circulation of the petition for the requisite signatures.

GOODMAN, P.J., and STUBBLEFIELD, J., concur.