2000 OK CIV APP 7

**In re GRAND JURY Samuel J. WILDER, Petitioner/Appellant.**

**No. 91,991.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Sept. 14, 1999.

---

Samuel J. Wilder Tulsa, Oklahoma Appellant Pro se.

REIF, J.

¶1 This appeal arises from proceedings initiated by Samuel Wilder on July 1, 1998, requesting the district court of Tulsa County to convene a grand jury. On July 14, 1998, the presiding judge of the district court of Tulsa County entered an order that ruled Mr. Wilder's amended petition seeking the grand jury contained sufficient allegations to support circulation of the petition. The entry of the July 14 order commenced the forty-five-day statutory period for Mr. Wilder to obtain the number of signatures in support of the amended petition as specified by article 2, section 18 of the Oklahoma Constitution. During the forty-five-day circulation period, Mr. Wilder filed a request for court-appointed counsel to assist with the petition and a request to enlarge the circulation period an additional thirty days. On September 3, 1998, the fifty-first day after the July 14 order, the presiding judge of the district court of Tulsa County dismissed the proceedings without ruling on the request for court-appointed counsel or the request to enlarge the circulation period. The dismissal was entered because Mr. Wilder had failed to obtain and file the requisite number of signatures in the forty-five-day circulation period. Mr. Wilder has brought this appeal pro se seeking further proceedings in the district court on his amended petition or, in the alternative, for the Attorney General to pursue a petition for a Tulsa County grand jury or a multi-county grand jury.

¶2 In reviewing the petition in error and brief that Mr. Wilder has filed pro se on appeal, this court has had some difficulty in discerning the errors and underlying legal issues that Mr. Wilder believes support the reversal of the trial court. In view of Mr. Wilder's pro se status, we have liberally construed the statement of the case and the statement of issues in his petition in error, together with his brief, and will address those points which suggest error by the trial court. We believe that Mr. Wilder has sufficiently raised issues and errors concerning the trial court's (1) failure to appoint counsel for him, (2) failure to grant an enlargement of time for obtaining signatures on the petition, and (3) failure to grant an enlargement of time in order for the Attorney General to seek either a Tulsa County grand jury or a multi-county grand jury.

¶3 Mr. Wilder's appellate brief states that "[t]he right [to counsel] of an indigent petitioner is the primary issue in this appeal." The brief further asserts that "[c]learly petitioner's allergations [sic] and financial circumstances meets [sic] the criteria for appointment of counsel in both State and Federal jurisdictions." The brief specifically notes that Mr. Wilder (1) is financially unable to obtain counsel; (2) is not entitled to counsel assistance from other sources; (3) has made a timely request for appointment of counsel; (4) needs counsel for the effective presentation of complex and significant legal issues involved; and (5) requires counsel in the interest of justice. His request for counsel filed with the trial court is substantially the same.

¶4 In the statement of issues in his petition in error, Mr. Wilder cites the statutory authority for the appointment of counsel for a witness before a multi-county grand jury who is unable to procure sufficient funds to obtain legal representation. Mr. Wilder's brief misidentified the statute as "Title 22 § 353(B)(3)." The statute in question is actually 22 O.S.1991 § 355(B)(3).

¶5 This court does not question the fact that Mr. Wilder is probably without the financial means to obtain counsel. He has received leave both in the trial court and here on appeal to proceed in forma pauperis. We also have no doubt that he would probably qualify for court-appointed counsel under

§ 355(B)(3) if he were a witness under subpoena to testify before a multi-county grand jury. However, the case before us does not involve a multi-county grand jury, but rather, a citizen-initiated county grand jury under article 2, section 18 of the Oklahoma Constitution and 38 O.S.1991 §§ 101 through 108. Neither the constitution nor the statutory authority expressly authorize the appointment of counsel to assist in the preparation of a petition seeking a grand jury or in the circulation process.

¶ 6 The constitution and statutes clearly contemplate that citizens who seek to empanel a county grand jury will shoulder the burdens of (1) presenting a petition with sufficient allegations, and (2) obtaining the requisite number of signatures. While legal counsel may be beneficial in meeting the pleading burden, the legislature has provided the remedy of filing an amended petition where the initial citizen-drafted petition is found deficient. In such cases, the legislature has also required the judge who rules on the initial petition to "set forth clearly in writing each and every deficiency found by said judge." 38 O.S.1991 § 102. The legislature has provided a reasonable means for citizen proponents of a grand jury to cure any deficiencies and to meet their pleading burden without the assistance of counsel. Significantly, Mr. Wilder is an example of a citizen who successfully utilized the amended petition remedy to correct the specific deficiencies noted by the judge who rejected his initial petition.

¶ 7 Given the fact that the legislature has provided a procedure that reasonably accommodates citizen proponents in meeting their pleading burden, this court cannot conclude that citizens require the added protection of court-appointed counsel. We also fail to see how court-appointed counsel would afford any benefit in meeting the second burden of obtaining the requisite number of signatures. Accordingly, the trial court did not err in not appointing counsel for Mr. Wilder.

■ ¶ 8 As concerns the issue of the trial court not granting an enlargement of time for Mr. Wilder to obtain the requisite number of signatures, we similarly find no express authority for the court to extend the forty-five-day circulation period. From the language used in 38 O.S.1991 §§ 103 and 106, it is reasonably clear that the legislature intended strict compliance with the forty-five-day period. Section 103 provides that "the circulators of said petition shall have forty-five (45) days to obtain a sufficient number of signatures to impanel a grand jury." (Emphasis added.) Section 106 further provides that "[u]pon the obtaining of the signatures, and within the forty-five day time limitation provided in [' 103], the completed petitions shall be filed with the court clerk." (Emphasis added.) The importance of compliance with the forty-five-day period, and the consequence of non-compliance, is found in the last sentence of section 103: "Failure to obtain the requisite number of signatures within that time period shall render the petition null and void." (Emphasis added.)

¶ 9 The statutes governing citizen-initiated grand jury petitions were construed in *Key v. Owens,* 1996 OK CIV APP 150, ¶ 16, 935 P.2d 1189, 1193 (citation omitted). In *Key,* the court held that the use of the word "shall" in these statutes "is mandatory and leaves no room for discretion." The court also recognized that these statutes reflect public policy determinations of the legislature and that "[n]either the [appellate courts] nor a district court may expand the plain wording of a statute by construction where the legislature has expressed its intention in the statute as enacted." *Id.* at ¶ 17, 935 P.2d at 1193 (citation omitted).

¶ 10 The language of §§ 103 and 106 simply leaves no room for the courts to grant an extension or enlargement of time. By operation of law, the petition ceases to be a viable jurisdictional vehicle for the convening of a grand jury if the requisite signatures are not obtained and filed within the forty-five-day period.

■ ¶ 11 The only authority cited by Mr. Wilder in support of his request for an enlargement of the forty-five-day circulation period is § 2006(B). We understand this to be a reference to 12 O.S.1991 § 2006(B). By its express terms, this statute applies only to time periods specified in title 12 or a notice

given thereunder by order of the court. The forty-five-day circulation period is specified in 38 O.S.1991 §§ 103 and 106, and not under title 12 or a notice thereunder by order of the court. In addition, section 2006(B) is a provision of the pleading code. Section 2001 of the pleading code expressly provides that it "governs procedure in the district courts of Oklahoma in all suits ... except where a statute specifies a different procedure." (Emphasis added.) We regard the strict, mandatory nature of the forty-five-day circulation period for citizen grand jury petitions found in 38 O.S.1991 §§ 103 and 106 to be the type of distinct, statutory procedure that is excluded from the pleading code generally and the enlargement of time provision in particular. Accordingly, the trial court did not err in not granting Mr. Wilder an enlargement of time to complete circulation of the petition.

¶ 12 Finally, we likewise find no error by the trial court in not enlarging or extending the forty-five-day period to allow the Attorney General of Oklahoma (1) to file a petition for a county grand jury to investigate the allegations set forth in Mr. Wilder's amended petition and subsequently filed supplements, or (2) to file a petition for a multi-county grand jury. We first observe that the district court of Tulsa County did not have jurisdiction to entertain a petition from the Attorney General for a multi-county grand jury. The legislature has directed that the Attorney General file applications for multi-county grand juries with "the Chief Justice of the State Supreme Court, or with such Justice of the State Supreme Court as is designated by rule to receive such application." 22 O.S.1991 § 351(A)(1). Under article 2, section 18 of the Oklahoma Constitution, the Attorney General may petition the district court of a particular county for a county grand jury; however, only the Attorney General is authorized to act in connection with such a petition, including any enlargement or extension of time. Even if we assume that the Attorney General could be made a party to a grand jury petition proceeding initiated by a citizen, and that the court could grant an extension of time to the Attorney General in such a case, the record fails to reflect that Mr. Wilder made the Attorney General a party to the proceeding below, or even mailed the Attorney General notice or any other pleading.

¶ 13 There being no error by the trial court, the judgment declaring Mr. Wilder's amended petition for a grand jury null and void, and dismissing the proceeding concerning said petition, is AFFIRMED.

¶ 14 BOUDREAU, V.C.J., and STUBBLEFIELD, P.J., concur.